JULIUS FRANKFATER et al., Respondents, *v.* STATE OF NEW YORK, Appellant. (Claim No. 46892. Motion Nos. 10437 & 10096.)

Third Department, January 13, 1969.

*Louis J. Lefkowitz, Attorney-General* (*Jean M. Coon* and *Ruth Kessler Toch* of counsel), for appellant.

*Rosen & Rosen* (*George H. Rosen* of counsel), for respondents.

*Per Curiam.* These are appeals from an order of the Court of Claims denying a motion to dismiss respondents' claim and from a judgment of the same court in favor of respondents, entered upon a decision.

Previously this court has held that the State had advanced evidence which established State ownership to a six-rod right of way as Route 17B passed respondents' property within which the five-foot strip here involved was totally included and directed a new trial (*Frankfater* v. *State of New York*, 17 A D 2d 515). Upon retrial respondents advanced no additional or offsetting proof to controvert the State's evidence and their claim was ultimately dismissed. No further appeal was taken from this dismissal and it is thus now unassailable that legally title to the land in question belonged to the State. Respondents, finding themselves without any legal cause of action, turned to the Legislature for redress and the Legislature in response passed an enabling act (L. 1966, ch. 696), conferring jurisdiction upon the

Court of Claims to hear and determine any claim to recover damages for land appropriated and used for the reconstruction of Route 17B lying within the six-rod right of way. The present controversy is based solely on this legislation.

Section 1 of the enabling act merely confers jurisdiction on the Court of Claims to hear claims of those who have or had interest in the lands adjacent to highway 17B before its reconstruction and '' to render judgment thereon as claims founded in right and justice or in law and equity against the state of New York and in right and justice presently payable thereby.'' Section 2 states that in hearing and determining such claims the Court of Claims is authorized to consider, among others, seven specific factual averments, and section 3 provides that claims found to be based '' in right and justice or in law and equity  *   *   * and are in right and justice presently payable  *   *   *  shall constitute legal and valid claims against the state '' and '' the court may award and render judgments for the claimants as shall be just and equitable ''.

In construing the legislative intent in enacting the enabling act it must be remembered that the State already owned the land for which respondents seek compensation. Thus, we construe the legislative purpose as authorizing payment only if it can be found that some action on the part of the State created a moral obligation to recompense the property owners. This is particularly evident by the inclusion of subdivision (g) of section 2 of the enabling act, whereby the Court of Claims is directed to '' consider, among other things whether or not  *   *   *  the property owners adjacent to route 17B bought, sold and improved their property in reliance upon the representations set forth in the maps prepared and filed by the state showing route 17B to be three rods in width.'' In section 2 the Legislature was setting forth the facts which were alleged to give rise to equitable or moral grounds for recognizing respondents' claims and authorizing the Court of Claims to decide whether or not these facts did exist and whether they did in fact establish grounds for allowing the claim.

In examining and evaluating the State's action in the instant case we can find no moral or equitable basis to require payment. Clearly the fact that the State, prior to establishing its ownership, paid some of the property owners along route 17B for property which the State already owned would not morally require it to pay all similarly situated owners. Nor would the fact that the State prior to reconstruction only utilized a portion of its property for highway purposes. The adjacent owners had no right to assume that because the State did not utilize its

entire property that the State ownership was limited to the road width actually utilized. That the Legislature intended more to be established before payment should be made is evidenced by its inclusion of subdivision (g) of section 2 alluded to above. And there is absolutely no proof in the record that the respondents bought, sold or improved their property '' in reliance '' on any State maps showing Route 17B to be three rods in width, nor do respondents claim they can produce any such proof. And, of course, there were no maps filed upon which such a reliance could have been placed; thus the record shows no factual basis for the creation of any moral obligation for compensation by the State for the land already bought and paid for by the State's predecessor in title. Of course, if respondents had introduced proof of such reliance this would raise a factual issue which would preclude summary judgment and require a plenary trial. At most then, it is established only that some other similarly situated owners were paid and that the State did not utilize its entire property for highway purposes until the recent reconstruction and no more. Such considerations do not establish, in our opinion, a moral or equitable basis for payment and, accordingly, the order and judgment should be reversed, on the law and the facts, and the claim dismissed.

In view of our position that there is no relief available to the respondents under the enabling act we do not reach the constitutional and other objections raised by the State.

The order and judgment should be reversed, on the law and the facts, and the claim dismissed, without costs.

HERLIHY, J. (concurring). Under the circumstances, the question of the constitutionality of the statute, '' moral obligation '', or the establishment of '' misrepresentation '' need not be decided in disposing of the present claim.

The original claim alleged the appropriation of the questioned property by the State and sought $1,500 for the land taken and $4,000 consequential damages. That claim was ultimately dismissed following a decision by this court that the State was the owner of the property (17 A D 2d 515). After the passage of the enabling act the claim, in the same form and for the same relief, was refiled. This did not constitute a filing of a proper claim within 90 days pursuant to the intent and purpose of the act.

The sponsor of the proposed legislation, residing in Monticello and a member of the Assembly, stated in a memorandum in support of the proposed legislation, '' Homes, barns, outbuildings, wells, septic tank and trees had been built and planted in reliance upon the State's representations of the three rod owner-

ship. The taking and removing of these improvements by the State without compensation constituted an outrageous and immoral injustice and imposes upon the innocent adjacent landowners tremendous injustice and unwarranted economic hardships.'' No such proof was offered in this action.

The particular type of legislation must be strictly construed.

If we were to assume that there was some way a court could give vitality to the claim, there is another fatal defect. There is no proof of damages within the framework of the statute. The original $2,000 awarded by the Court of Claims was for direct and consequential damages for the land appropriated. The present award, as stated by the court, is a reinstatement of '' its original award amounting to $2,000 ''.

There is a right to settle and a right to litigate. The defenses available at the time of litigation need not necessarily enter into amicable settlement negotiations. The fact that here some of the property owners contiguous to the highway settled their claims does not, as to the present claimants, create '' outrageous and immoral injustice '' as stated above.

There is no basis in law or fact for the award. The judgment should be reversed and the claim dismissed.

GIBSON, P. J., HERLIHY, REYNOLDS, AULISI and STALEY, JR., JJ., concur in opinion Per Curiam, HERLIHY, J., in a separate opinion, in which GIBSON, P. J., REYNOLDS, AULISI and STALEY, JR., JJ., concur.

Judgment and order reversed, on the law and the facts, and claim dismissed, without costs.